**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALI HUSSEIN DARWICH,

      Movant,

v.                                  Case No. 10-CV-10775

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DARWICH'S "MOTION FOR RETURN OF SEIZED ITEMS, DOCUMENTS, AND CASH" AND ADMINISTRATIVELY CLOSING CASE

Before the court is Movant Ali Hussein Darwich's "Motion for Return of Seized Items, Documents, and Cash," filed on January 27, 2010.  The motion has been fully briefed and the court concludes a hearing on the matter is not necessary.  *See* E.D. Mich. LR 7.1(e)(2).

## I.  BACKGROUND

According to the Government, on December 30, 2008, Darwich was seen carrying a two liter bottle of a liquid, later determined to be alcohol, into the residence located at 14909 Cheyenne, Detroit, Michigan.  (Gov't's Resp. at 2.)  Darwich was then observed fleeing the residence, and officers immediately arrested him.  (*Id.*)  At the same time, a fire was observed on the first floor of the residence.  (*Id.*)  Darwich was charged with, and pleaded guilty to, two counts of arson related to this fire and another fire in the State of Michigan, and he is currently serving his sentence at the Lakeland Correctional Facility in Coldwater, Michigan.  (*Id.*)

On December 31, 2008, the day after Darwich was arrested, the Federal Bureau of Investigation ("FBI") executed search warrants at two properties owned or occupied by Darwich and Fatima Houssein Toufaili: one at their residence at 30810 Embassy Street, Beverly Hills, Michigan and the other at their businesses located at 24551 W. Warren Avenue, Dearborn Heights, Michigan. (Gov't's Resp. at 2, Movant's Mot. at 1.) Darwich asserts that almost $30,000 in cash, along with other miscellaneous documents, personal property, and electronic equipment were seized from these two properties. (Movant's Mot. at 1.) On May 22, 2009, Darwich was interviewed under a *Kastigar* agreement. (Gov't's Resp. at 2.) During the interview, according to the Government, Darwich admitted to being involved in arson and insurance fraud schemes at various locations but denied or failed to disclose his involvement in other criminal conduct known to law enforcement. (*Id.*) Similarly, Toufaili was later interviewed under a *Kastigar* agreement and she, too, admitted to several violations of federal law, but did not admit or did not disclose her involvement in other criminal activity known to law enforcement. (*Id.* at 2-3.)

Darwich now moves the court for return of the seized property, arguing that the Government has confirmed these items were not used in any criminal activity and, additionally, that Darwich and Toufaili have been granted immunity. (Movant's Mot. at 2-3.) The Government disagrees, and contends that both Toufaili and Darwich have violated the terms of their *Kastigar* agreements and their statements can be used in subsequent prosecutions. (Gov't's Resp. at 3.) The Government further contends that Darwich and Toufaili are still subjects of an investigation by law enforcement. (*Id.*)

## II.  DISCUSSION

Under Federal Rule of Criminal Procedure 41,

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party." *United States v. Popham*, 382 F. Supp. 2d 942, 956 (E.D. Mich. 2005).  "The general rule is that seized property, other than contraband, should be returned to its rightful owner *once the criminal proceedings have terminated*." *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977) (emphasis added) (citing *McSurley v. Ratliff*, 398 F.2d 817 (6th Cir. 1968)).  Here, the Government asserts, and the court agrees, that the criminal proceedings have not terminated.  Not only does the Government proffer that Darwich and Toufaili are still subjects of an investigation by law enforcement, but a criminal matter is indeed proceeding against Toufaili, with a plea hearing set for April 5, 2010, and a jury trial set for April 12, 2010.  *See* Case No. 09-20280.  Criminal investigation and criminal proceedings are, as of yet, still on-going and the Government has therefore demonstrated a continuing interest in the seized property.  "A defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981) (citing *United States v. Premises Known as 608 Taylor Avenue*, 584 F.2d 1297, 1303 (3d Cir. 1978)).

Accordingly, Darwich's motion will be denied without prejudice to his right to renew his motion after the Government has completed its investigation and no longer has a continuing interest in the property. The court, however, expresses no view concerning the sustainability of any such renewed motion.

## III. CONCLUSION

IT IS ORDERED that Darwich's January 27, 2010 "Motion for Return of Seized Items, Documents, and Cash" [Dkt. # 1] is DENIED WITHOUT PREJUDICE and the Clerk of the Court of the court is DIRECTED to administratively close this case.

　　　　　　　　　　　　S/Robert H. Cleland
　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: March 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2010, by electronic and/or ordinary mail.

　　　　　　　　　　　　S/Deborah J. Golotz
　　　　　　　　　　　　Case Manager