**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALI HUSSEIN DARWICH,

    Movant,

v.                                                    Case No. 10-CV-10775

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING PENDING MOTIONS**

Before the court are four motions filed by pro se Movant Ali Hussein Darwich. No responses have been filed to the motions, but the court concludes that responses are unnecessary inasmuch as the motions are patently frivolous. For the reasons discussed below, the court will deny the motions.

**I. DISCUSSION**

On March 30, 2010, the court issued an order denying Darwich's "Motion for Return of Seized Items, Documents, and Cash" and administratively closing this case. Specifically, the court found that Darwich's motion to return property seized pursuant to a search warrant was premature under Federal Rule of Criminal Procedure 41. Criminal investigations into Darwich's conduct related to the property at issue in this case are still on-going and the Government has demonstrated a continuing interest in the seized property. "A defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981) (citing *United States v. Premises Known as*

*608 Taylor Avenue*, 584 F.2d 1297, 1303 (3d Cir. 1978)). Accordingly, Darwich's motion was denied without prejudice to his right to renew his motion after the Government has completed its investigation and no longer has a continuing interest in the property. The Government, to the court's knowledge, has not yet completed its investigation and thus the reasons for the court's March 30, 2010 order remain.

On June 7, 2010, Darwich filed a "Motion for Disclosure/Discovery/Return of Nonessential Seized Items," in which he once again argued that the seized items should be returned, the Government should disclose the details of its investigation, and that he be entitled to discovery regarding the seized items and the criminal investigation. As the motion sought nearly identical relief to what the court denied in its March 30, 2010 order, the court denied the motion on June 11, 2010.

Since that time, Darwich has filed a series of motions, challenging the Government's behavior related to the investigation into his behavior and the court's orders in this case. For the reasons stated below, the court will deny the motions.

On June 14, 2010, Darwich filed a "Motion for Show Cause," in which he asks the court to require the Government to show cause as to why it is allegedly violating Darwich's rights. Darwich argues that the Government allegedly violated a *Kastigar* agreement, violated a plea agreement, inappropriately executed a search warrant, and is unlawfully withholding the seized goods. Similarly, on June 28, 2010, Darwich filed a "Motion to Enforce Plea Agreement," arguing that he has been promised immunity and the Government is not abiding by that promise. To the extent these motions challenge the lawfulness of any on-going criminal investigations or the validity of any future charges to be filed against Darwich, this is not the proper venue in which to place such

challenges. The instant matter relates solely to certain goods seized pursuant to a search warrant. The Government has made the appropriate showing under Federal Rule of Criminal Procedure 41 that those goods must, for now, remain in the custody of the Government. Should the Government ultimately bring charges against Darwich, he may challenge those charges and assert any defenses, including allegations of immunity, in connection with that criminal action–not in this civil matter.

Darwich has also filed a "Motion for Judicial Review/Request for New Judge" and a "Motion to Suppress." In these motions, Darwich argues that certain statements by the Government and by the court in its previous orders should be "suppressed." Additionally, Darwich argues that this judge has become "personally involved" in the investigation of Darwich as well as his "companion" Fatima Toufaili, and this judge should "step aside" and allow another judge to preside over these matters. Darwich bases these requests solely on rulings and statements this court has allegedly made on the record in connection with this case as well as a criminal prosecution against Fatima Toufaili. To the extent these motions seek disqualification of the undersigned, Darwich has failed to identify a sufficient basis to support disqualification under 28 U.S.C. § 455.

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.,*

3

324 F.3d 409, 423 (6th Cir. 2003)). Therefore, the court is well within its discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984).

Finally, to the extent any of these motions seek reconsideration of the court's March 30 or June 11, 2010 orders, Darwich has failed to identify a palpable defect by which the court has been misled, the correction of which would result in a different disposition of this case. *See* E.D. Mich. LR 7.1(h)(3). In all of these motions, Darwich does little more than attack the actions of the Government and present the same arguments that he is entitled to the seized property. However, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

The sole issue in this matter is whether Movant Ali Darwich is entitled to a return of seized property, and the court's central holding is that Darwich is not entitled to a return of property until the Government's investigation is concluded and the property is no longer needed. Darwich does not challenge the factual basis for this holding– indeed, Darwich's complaints center on the very fact that the Government's investigation *is* proceeding. Accordingly, there is no basis to reconsider the court's prior holdings.

For all of these reasons, Darwich's pending motions will be denied.

4

## II. CONCLUSION

IT IS ORDERED that Darwich's "Motion for Show Cause" [Dkt. # 12], "Motion for Judicial Review/Request for New Judge" [Dkt. # 14], "Motion to Enforce Plea Agreement" [Dkt. # 15], and "Motion to Suppress" [Dkt. # 16] are all DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: August 4, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 4, 2010, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522